(63 App. Div. 537.)

## SLADE v. BOUTIN et al.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

1. STATUTE OF FRAUDS—CONTRACT OF SALE.

Plaintiff wrote the defendants for prices on lumber, and defendants answered. Plaintiff later visited the defendants' office, and, after oral negotiations, purchased lumber, and received two bills of the same, with the prices carried out, and terms of payment. These bills merely contained the partnership names of the defendants at the head, and were signed by one of the defendants. The value of the lumber was more than $50, and no payment was made. *Held*, in an action for failure to deliver the lumber, that the papers did not constitute a sufficient memorandum of sale, within the statute of frauds.

2. PAROL EVIDENCE.

Where certain alleged memoranda of a contract of sale were insufficient, within the statute of frauds, parol evidence to supply the defects of the written contract was inadmissible.

Appeal from trial term, Niagara county.

Action by Arthur J. Slade against Frank Boutin, Jr., impleaded with others. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

John S. Seymour, for appellant.
John C. Hubbell, for respondents.

WILLIAMS, J. The judgment and order appealed from should be affirmed, with costs. The action was brought to recover damages for breach of alleged contracts to sell and deliver lumber. At the close of the plaintiff's evidence the court granted a motion for a nonsuit on the ground that no contracts were proved which were valid under the statute of frauds. The property alleged to have been sold was concededly of the value of more than $50, no part of the alleged purchase price was paid, and none of the lumber was delivered. It was therefore necessary, in order to establish a valid contract, to show that notes or memoranda of such contracts were made in writing, and were subscribed by the parties to be charged thereby. 2 Rev. St. 136 (Banks' 9th Ed., p. 1886) § 3. The court held that no such notes or memoranda were shown to have been made, and this is the only question we are called upon to consider upon this appeal.

The negotiations for the alleged contracts were conducted by Horace L. Hubbell, president of the Hill & Hubbell Lumber Company, manager of the East Norwalk Lumber Company, and vice president

of the Westport Lumber Company, the assignors of the plaintiff in this action, and acted as their agents in reference to the alleged contracts. March 15, 1899, Hubbell wrote the defendants, doing business as co-partners under the name of the Wisconsin Lumber Company, inclosing a bill of lumber, and asking for a delivered price thereon, to be delivered by boat as soon as canal opened. This letter was received by defendants March 16, 1899; and March 20, 1899, defendants answered, inclosing prices as requested, and saying, if Hubbell came their way before he purchased this stock, they would like very much to have him call on them. In response to this invitation to call, Hubbell in April, 1899, visited the office of the defendants, and had more or less talk with Frank Boutin, Jr., one of the defendants, about lumber. The papers were there prepared which are claimed to constitute the notes or memoranda sufficient to satisfy the statute of frauds. These papers were made up of bills of lumber, with prices carried out opposite the several items thereof, and a statement at the bottom of each of the terms of payment, and the commissions to be credited to Hill & Hubbell Lumber Company's account. One paper had at its commencement the words "Hill & Hubbell Lumber Co."; the other had at its commencement the words "Westport Lumber Co.," and down aways in the bill the words "East Norwalk Lumber Co."; and the two papers were signed at the bottom, each, by "Wisconsin Lumber Co., per F. Boutin, Jr., Manager." These papers were delivered to Hubbell, and he took them away. Upon the trial the plaintiff was permitted to give much parol evidence as to the transactions between the parties when these papers were prepared, but at the close of the evidence the court held the papers were not sufficient to comply with the statute, and that parol evidence could not be used to aid the writings in making contracts valid under the statute. We think the court was correct in the decision made. The two letters of March, 1899, were merely a request for the quotation of prices, and a compliance with such request. They did not purport to constitute a contract, but, at most, the reply by defendants was an offer to sell at the prices and on the terms therein specified, and would not amount to a contract, under the statute, unless accepted in writing, and no such acceptance was ever made. Hubbell was invited to call upon defendants before purchasing lumber elsewhere, and he did call on the occasion when the other two papers were made. There was then no acceptance in writing of the offer by defendants in their letter, but there were new negotiations, and new bills of lumber, with prices annexed, prepared; but the difficulty is that these two papers made on that occasion in no way indicated that a sale or purchase had been made of the lumber. For all that appears in the papers themselves, they were merely offers to sell at the prices and upon the terms therein described, the same as defendants' letter to Hubbell had been. The plaintiff sought to show by parol evidence that the parties agreed to consider these papers as valid contracts for the sale and delivery of the respective bills of lumber to the three companies who are plaintiff's assignors, but this was not permissible. If these papers were designed merely as offers to sell and deliver, then, there having been no acceptance

of the offers in writing; there were no contracts. Whether they were designed by the parties in fact as offers or contracts to sell and deliver could not be ascertained from the papers themselves, and therefore they could not be said to comply with the statute. Parol evidence must be made use of to indicate what the intention of the parties was, and that will not satisfy the statute. If the parties had intended to make the papers contracts for sale and delivery, in and by the terms of the papers themselves, they could easily have done so by saying one party "bought of" the other, which is the common, ordinary way of doing business and making bills of sale. Nothing of that kind was in the papers, however. The rule of law applicable here is that the writings, in order to satisfy the statute, must in and of themselves constitute the contracts, and parol evidence is not permissible to supply any defects in the written evidence. Wilson v. Mill Co., 150 N. Y. 314, 325, 326, 44 N. E. 959; Cooley v. Lobdell, 153 N. Y. 596, 600, 47 N. E. 783. The papers in this case did not sufficiently comply with this rule, so as to take them out of the statute.

The judgment and order appealed from should be affirmed, with costs. All concur.